**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BRUCE WOODSON,**

                    **Plaintiff,**

**-vs-**                                                              **Case No. 6:07-cv-816-Orl-31DAB**

**MODULAR CLEAN, INC., WALTER R.**
**OLIVER and JOAN T. OLIVER,**

                    **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **MOTION FOR DEFAULT JUDGMENT (Doc. No. 29)**
>
> **FILED:** February 6, 2008
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

This is an action for relief pursuant to the Fair Labor Standards Act (herein "FLSA"). According to the Complaint, Plaintiff was employed by Defendant Modular Clean, Inc. as a furniture installer (Doc. No. 1). He alleges that his employer (and the individual defendants as statutory employers) failed to properly pay him for overtime hours (the overtime claim), and failed to pay him anything at all for "work from 3/19/2007 through 4/1/2007" (the minimum wage claim). Defendants were served and filed an Answer and Affirmative Defenses (Doc. No. 6).

Plaintiff filed sworn answers to interrogatories providing an accounting of his claim (Doc. No. 9). According to Plaintiff, he was employed from October 31, 2006 through April 9, 2007, at a rate of $11.00 per hour. He worked 4.5 overtime hours a week on average and claims $1,650 in unpaid overtime and $144.20 in unpaid minimum wage (plus liquidated damages, attorney's fees and costs). *Id.* Defendants submitted a verified account of the hours and payments made, which indicates that Plaintiff was properly paid wages of at least minimum wage and overtime (Doc. No. 12).

The parties exhausted informal settlement negotiations and a scheduling Order was entered. Shortly thereafter, defense counsel moved to withdraw, citing a failure of Defendants to respond or communicate with him (Doc. No. 17). The motion was denied (Doc. No. 18). Next, Defendants did not attend the scheduled mediation (Doc. No. 19). Plaintiff then moved for sanctions, default judgment and summary judgment (Doc. Nos. 20-22). Defense counsel responded, noting that he had attempted unsuccessfully to contact the Defendants since October 2007 (Doc. No. 26). The District Court ordered that a default be entered against the Defendants (Doc. No. 27) and directed Plaintiff to file the instant motion. For the reasons set forth herein, it is **respectfully recommended** that the motion be **denied** for lack of adequate proof.

The effect of the entry of a default is that all of the factual allegations in the Complaint are taken as true, save for the amount of unspecified damages. Thus, if liability is well-plead in the complaint, it is established by the entry of a default. *Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987). A court may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston National Bank,* 515 F. 2d 1200, 1206 (5th Cir. 1975). If the amount of damages sought are not specified in the Complaint, Plaintiff must prove up the unliquidated sums, in a hearing on damages or otherwise. Rule 55(b)(2), Federal Rules of Civil Procedure.

As set forth above, Plaintiff's Complaint alleges that he was an employee of the corporate Defendant, engaged in commerce for purposes of FLSA; that his employer and the individual defendants (as statutory employers) failed to properly pay him for overtime hours he worked, and failed to pay him anything at all for "work from 3/19/2007 through 4/1/2007;" and that the violations of the overtime and minimum wage provisions of FLSA committed by Defendants was willful. By virtue of the default, these well-pled allegations are deemed admitted.

Title 29 U.S.C. § 206(a)(1) provides that "[e]very employer shall pay to each of his employees who . . . is engaged in commerce or in the production of goods for commerce . . . [the minimum wage]." FLSA also provides for time-and- a- half for overtime wages. 29 U.S.C. § 207(a). The employer is liable for compensating an employee for all hours that the employer "suffer[s] or permit[s] [the employee] to work." 29 U.S.C. §203(g). If the employer violates either the minimum wage or overtime provisions of the FLSA, the employer is liable for the unpaid amounts, and an additional equal amount as liquidated damages. 29 U.S.C. § 216(b). The minimum wage for the time at issue was $5.15 per hour. 29 U.S.C. § 206(a).

The employee bringing suit for unpaid or overtime wages under the FLSA has the burden of proving that he or she performed work for which the employee was not properly compensated, and must show the amount and extent of his unpaid work hours as a matter of just and reasonable inference. *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946). By virtue of the default, the well-pled allegations establish liability here, but it is still Plaintiff's burden to establish the amount of unpaid wages and overtime due and owing. The Court finds the current state of the record is not an appropriate basis for determining and awarding Plaintiff's damages.

Initially, the Court observes that the motion and supporting documents contain numerous errors, due possibly to the cut and paste nature of the motion and its obvious use in other cases.[1] Of greater concern, however, is the fact that Plaintiff has presented several different versions of his claim, without adequate explanation warranting the changes or supporting the current claim.

As set forth above, the Complaint set forth two claims: one for an unspecified amount of overtime and one for failure to pay minimum wage (or any wage) from March 19, 2007 *through April 1, 2007*. The initial verified answers to interrogatories submitted by Plaintiff state that Plaintiff was employed from October 31, 2006 *through April 9, 2007*, at a rate of $11.00 per hour; worked 4.5 overtime hours a week on average; and claimed $1,650 in unpaid overtime and $144.20 in unpaid minimum wage. The current Affidavit, however, claims 130 hours of overtime, at an unspecified rate (although he now asserts that during his employment he earned from $11.00 an hour to $12.00 an hour), for a total claim of $2,242.50 (Doc. No. 29-2). He also now claims $272.95 in damages for his minimum wage claim, asserting 53 hours of work. There is no explanation offered for the difference in the two affidavits.

In addition to this discrepancy, the current motion is contradicted by prior representations of Plaintiff and his counsel in his motion for summary judgment (Doc. No. 22). As noted above, Defendant has provided a sworn summary of Defendant's hours, and this summary sets forth the number of hours worked and indicates that Plaintiff was properly paid for all overtime work performed, according to the time records (Doc. No. 12). In his Motion for Summary Judgment, "Plaintiff stipulates to the accuracy of the Defendants Verified Summary," but asserts that

---

[1] For example, the Memorandum references the Affidavit of Ebony P. Enman, a non-party here but a plaintiff in another case. Moreover, the motion seeks $5,426.00 in attorneys fees and $673.48 in costs, referencing the Affidavit of Jay Yenor, however that Affidavit lists $5,501.00 in fees and $633.25 in costs (*Compare* Doc. No. 29 at 6 and Doc. No. 29-3 at 2).

he worked off the clock for approximately five hours a week without receiving compensation, and that time is not included in the Verified Summary (Doc. No. 22 at 4). Thus, Plaintiff has stipulated that he was properly paid for all overtime work performed on-the-clock, but characterized his overtime claim in his summary judgment motion as a claim "for 65 hours of overtime wages for work performed off the clock for 5 hours of overtime worked a week for the 13 weeks in which he worked 40 hours or more." *Id.* Plaintiff thus claimed $1,095.00 in unpaid overtime in his motion for summary judgment, as a "just and reasonable inference." As for the unpaid minimum wage claim, according to the Verified Summary, Plaintiff worked 28 hours from March 19, 2007 to April 1, 2007 (Doc. No. 12), not the 53 hours now claimed.

To summarize, Plaintiff has, at various times, claimed the following:

| **Unpaid Overtime Claim** | | | |
|---|---|---|---|
| | **Overtime Hours** | **Normal Rate of Pay** | **Claim Total** |
| 1. Verified Answers | 4.5 a wk | $11.00 | $1,650.00 |
| 2. Summary Judg. motion | 65 total (5 per wk) | $11-12.00 | $1,095.00 |
| 3. Default motion | 130 total | $11-12.00 | $2,242.50 |
| **Minimum Wage Claim** | | | |
| | **Dates / Hours** | **Minimum Wage** | **Claim Total** |
| 1. Verified Answers | from 3/19 through 4/1 | not specified | not specified |
| 2. Interrogatories | not specified | not specified | $144.20 |
| 3. Summary Judg. motion | 3/18 through 4/9 53 hours of work | $5.15 | $272.95 |
| 4. Default motion | 3/18 through 4/9 53 hours of work | $5.15 | $272.95 |

The Court finds insufficient evidentiary support for the current claim and cannot infer same as 'a just and reasonable inference' from these contradictory representations. Moreover, to the extent

-5-

it appears that Plaintiff is seeking damages for unpaid wages from April 2 through April 9, such is not available here, as a matter of law.  Plaintiff's Complaint alleged:

> The Defendant willfully violated Section 6 and Section 15 of the Fair Labor Standards Act, by failing to compensate the Plaintiff at a rate equal to the minimum wage requirement for work performed while employed by Defendants. *Specifically, Plaintiff worked from 3/19/2007 through 4/1/2007,* and received less than the minimum wage for hours worked, and in fact was never compensated by defendant *for work for said period.* (Doc. No. 1, Allegation 14) (emphasis added).

Having defined the unpaid wages claim to include only the specific time period, Plaintiff cannot now amend that claim, on default, and seek additional relief.  Finally, as the Court cannot recommend that a default judgment on the merits of the FLSA claims be entered, it need not address the matter of attorney's fees and costs, which are matters collateral to successful prosecution of the claim.

It is therefore **respectfully recommended** that the motion be **denied.**  Assuming Plaintiff wishes to pursue the case to judgment, the case should be set for default jury trial on damages.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on February 11, 2008.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy